Frank W. Brewster v. Commissioner.
Brewster v. Commissioner
Docket Nos. 83520, 89222
United States Tax Court
T.C. Memo 1961-289; 1961 Tax Ct. Memo LEXIS 59; 20 T.C.M. (CCH) 1512; T.C.M. (RIA) 61289; October 23, 1961
John O. Durkan, Esq., 908 American Bldg., Seattle, Washington, for the petitioner. Aaron S. Resnik, Esq., and Robert H. Elliott, Jr., Esq., for the respondent. FISHER
Memorandum Opinion FISHER, Judge: Respondent determined deficiencies in income tax of petitioner for the taxable years 1955 and 1956 in the respective amounts of $8,791.30 and $8,369.99. All of the facts are stipulated and are incorporated herein by this reference. *60 The sole issue before us is the deductibility of alimony paid by petitioner to his former wife, Dorothy Brewster, during the taxable years. The issue of income from business or profession has been disposed of by stipulation of the parties. Petitioner, Frank W. Brewster, filed separate individual income tax returns for the calendar years 1955 and 1956 with the director of internal revenue at Tacoma, Washington. On the 1955 return he claimed a deduction of $7,200 for "Alimony, Dorothy Brewster" and did likewise on the 1956 return. Dorothy Brewster likewise filed separate returns for 1955 and 1956. Petitioner married Dorothy at Las Vegas, Nevada, on February 15, 1948. On September 17, 1953, Dorothy filed a divorce action against petitioner in Washington, King County, Superior Court. Petitioner filed an answer to the complaint on October 1, 1953. Incident to the aforesaid action, petitioner and Dorothy executed and filed with the Superior Court an agreement which provided, in part, as follows: 6. In addition to the foregoing, the second party (Frank Brewster) shall pay to the first party, for her support and maintenance, the sum of $600.00 per month for a period of five (5) *61 years or until the first party remarries (whichever is sooner), commencing October 1, 1953. To insure such payments, the second party shall execute to the first party an instalment promissory note in the sum of $36,000.00 payable in monthly instalments of $600.00 commencing the 1st day of October, 1953. Upon the remarriage or death of the first party said promissory note shall be cancelled and no further payments thereunder shall be made. Said promissory note shall, under no circumstances, be sold or assigned to any third party. * * *
On December 18, 1953, the Superior Court made Findings of Fact and Conclusions of Law, which incorporated the terms of the aforesaid agreement. On the same day the court entered a Decree of Divorce which provided, in part, as follows: IT IS FURTHER ORDERED that the property settlement agreement of the parties is hereby approved and that the defendant be required to pay to the plaintiff the sum of $600.00 per month beginning the 1st day of October, 1953, for a period of five years or until plaintiff remarries, whichever is sooner. IT IS FURTHER ORDERED that the parties be required to execute such documents and make the conveyances as set forth *62 in the property settlement agreement. * * *
Pursuant to the agreement and decree, petitioner executed a promissory note to Dorothy and paid her $600 per month for each month in the calendar years 1955 and 1956. Said payments were received by Dorothy in discharge of a legal obligation which, because of the marital relationship, was imposed on or incurred by Frank under the divorce decree or instrument executed incident to said divorce. The promissory note executed by petitioner was as follows: $36,000.00
Seattle, Washington,
September 29, 1953
For value received, I promise to pay to Dorothy Brewster Thirty-six Thousand ($36,000.00) Dollars in lawful money of the United States of America, without interest, payable in monthly instalments of Six Hundred ($600.00) Dollars per month, the first payment to be made on the First day of October, 1953, and a like payment on the First day of each and every month thereafter, until the whole sum has been paid. If any of said instalments are not so paid within thirty (30) days after they become due, the whole of said principal sum shall become immediately due and collectible at the option of the payee. And in case suit *63 or action is instituted to collect this note, or any portion thereof, I promise to pay such additional sum as the court may adjudge reasonable as attorney's fees in said suit or action. This note shall not be sold or assigned to any third party, but shall be held by Dorothy Brewster until paid or cancelled, as provided in the property settlement agreement of the parties, dated September 29, 1953. The issue for our consideration is whether or not the monthly payments made by petitioner to Dorothy were periodic payments includible in her gross income under section 71(a)(1) and deductible by petitioner under section 215(a), or were installment payments discharging a part of an obligation the principal sum of which was specified in the decree or agreement within the meaning of section 71(c)(1), in which event such payments would not be periodic and would not be deductible in determining petitioner's gross income. In the final analysis, the problem resolves itself into the question of whether or not the fact that the agreement and decree provided for the termination of any remaining obligation to pay upon the contingency of the wife's remarriage rendered the principal sum named in *64 the agreement and decree indefinite and other than a "specified" sum within the meaning of section 71(c)(1). If the principal sum is not "specified," the installment payments become "periodic" under section 71(a)(1). The solution of the problem is clearly controlled by Helen Stewart Cramer, 36 T.C. - (filed September 29, 1961), which requires a resolution of the contested issue in favor of petitioner in the instant case. We hold, therefore, that the payments in question were periodic and were deductible by petitioner in determining his gross income for the years in question. Decisions will be entered under Rule 50.